NICHOLAS M. PORRAS (Nevada Bar No. 12849)
nick@porraslegal.com
LAW OFFICES OF NICHOLAS M. PORRAS, P.A.
201 West Liberty Street, Ste. 207
Reno, NV 89501
Tel: (775) 525-9246
Fax: (888) 688-4975

W. CRAFT HUGHES (*Pro Hac Vice forthcoming*)
craft@hughesellzey.com
JARRETT L. ELLZEY (*Pro Hac Vice forthcoming*)
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Houston, TX 77056
Tel: (713) 322-6387

CHRISTOPHER W. BOSS (*Pro Hac Vice forthcoming*)
cp@bosslegal.com
BOSS LAW, PLLC
9887 4th Street North, Ste. 202
St. Petersburg, FL 33702
Tel: (727) 471-0039

*Attorneys for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FRANCINE EDWARDS, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>CONN'S, INC. and CONN APPLIANCES, INC.<br><br>    *Defendants*. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; and**<br>2. **Injunctive Relief.**<br><br>**JURY TRIAL DEMANDED** |

1

**CLASS ACTION COMPLAINT**

COMES NOW, FRANCINE EDWARDS ("Plaintiff"), individually and on behalf of all other persons similarly situated, filing this Class Action Complaint and Demand for Jury Trial ("Complaint") against CONN'S, INC. and CONN APPLIANCES, INC. (collectively "Defendant" or "Conn's") to stop its practice of unlawful and harassing automated phone calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I. NATURE OF THE ACTION

1. Plaintiff brings this class action against Conn's to secure redress because Conn's violated the TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227, *et seq.* ("TCPA") by placing unlawful phone calls to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded voice message.

2. Plaintiff and the members of the putative class purchased products and/or services from Rent-A-Center, its parents, subsidiaries, affiliate entities, including but not limited to Acceptance Now ("AcceptanceNOW"). The purchase transactions were financed by non-party AcceptanceNOW.

3. Defendant Conn's called Plaintiff's cellular telephone and the cellular phones of the putative Class without their consent relating to purchases from non-party AcceptanceNOW.

4. Plaintiff and members of the putative class are generally consumers who do not have cash resources or access to credit sufficient to meet their short-term cash needs.

5. This is a class action filed against Conn's pursuant to Fed. R. Civ. P. 23 based upon violations of the TCPA.

6. Plaintiff seeks certification of a putative class of all residents in the

United States who received a non-emergency telephone call from Conn's to a cellular telephone using an automatic telephone dialing system where Conn's did not have consent to make such calls (the "Class").

7. The basis of this class action lawsuit: Conn's violated the TCPA from October 16, 2014 through the present by placing thousands of outbound telephone calls to Plaintiff's cellular phone and the cellular phones of the putative Class without their consent in an attempt to collect a debt.

8. Plaintiff, on behalf of herself and the putative class, seeks monetary damages, statutory damages, injunctive relief, declaratory relief, attorney's fees pursuant to Fed. R. Civ. P. 23(h), interest on damages at the legal rate, and costs of litigation. Because Plaintiff endeavors to enforce an important right affecting the public interest, and further seeks an award of attorneys' fees and costs on behalf of herself and the putative class.

## II.   PARTIES

9. Plaintiff FRANCINE EDWARDS is a citizen of the State of Nevada who resides in Clark County, Las Vegas, Nevada.

10. Defendant CONN'S, INC. is a corporation organized under the laws of the State of Delaware. CONN'S, INC. maintains its principle office at 4055 Technology Forest Blvd., Suite 210, The Woodlands, TX 77381. CONN'S, INC. may be served with process by serving its registered agent: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

11. Defendant CONN APPLIANCES, INC. is a corporation organized under the laws of the State of Texas. CONN APPLIANCES, INC. maintains its principle place of business at 2445 Technology Forest Blvd., Building Four, 8th Floor, The Woodlands, TX 77381. CONN APPLIANCES, INC. may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

12. Defendants CONN'S, INC. and CONN APPLIANCES, INC. are

**CLASS ACTION COMPLAINT**

collectively referred to herein as "Conn's" and "Conn.s."

13. Whenever in this complaint it is alleged that Conn's committed any act or omission, it is meant that the Conn's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Conn's or was done in the routine normal course and scope of employment of the Conn's officers, directors, vice-principals, agents, servants, or employees.

## III. JURISDICTION & VENUE

14. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, federal question jurisdiction, as this action involves violations of the federal TCPA statute.

15. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000, exclusive of interests and costs, and at least one member of the putative Class is a citizen of a state different from Conn's. Furthermore, the putative Class consists of at least one hundred members.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

17. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this district and Conn's transacts business in this district.

18. Conn's is subject to general personal jurisdiction in this district because it has continuous and systematic contacts with this district and it maintains business offices within this district. By operating a business in the State of Nevada, Conn's has purposefully invoked the protection of Nevada law, and the exercise of personal jurisdiction over Conn's in this district does not offend traditional notions

**CLASS ACTION COMPLAINT**

of fair play or substantial justice.

### IV.  JOINT, SEVERAL, AND VICARIOUS LIABILITY

19. CONN'S, INC. and CONN APPLIANCES, INC. conspired, jointly caused, knowingly participated and/or aided and abetted each other in the wrongful conduct described hereinafter so as to be jointly and severally liable to Plaintiff and the putative Class for each of the acts, omissions, breaches, malfeasance and causes of action set forth herein.

20. At all times relevant to this lawsuit, CONN'S, INC. had in place or implemented corporate policies that governed, controlled, and instructed CONN APPLIANCES, INC. as to as to the manner in which it was to conduct its daily business operations.

### V.  FACTS APPLICABLE TO PLAINTIFF

21. All conditions precedent to the filing of this Complaint have been performed or have occurred.

22. Conn's, its agents, and/or vendors, violated the TCPA by placing unlawful telephone calls to Plaintiff's cellular telephone, including the number ending in -6546.

23. Conn's, at all material times, was attempting to collect a debt.

24. On November 28, 2016, Plaintiff received an e-mail from AcceptanceNOW stating she was "**APPROVED** for a lease-purchase agreement for up to **$2,500** worth of merchandise" from AcceptanceNOW (approval #2566416). *See* Exhibit 1, approval e-mail from AcceptanceNOW.

25. The approval for purchasing "up to **$2,500** worth of merchandise" was only valid at a Conn's Home Plus store, located at 120 S. Rainbow Blvd., Las Vegas, NV 89145. *Id.*

26. The phone number listed for Conn's Home Plus was (702) 240-8382. *See* Exhibit 1, approval e-mail from AcceptanceNOW.

27. On or about December 1, 2016, Plaintiff entered the Conn's Home

Plus store located at 120 S. Rainbow Blvd., Las Vegas, NV 89145 and purchased a laptop computer from AcceptanceNOW (approval #2566416). *See* Exhibit 2, purchase order acknowledgement e-mail from AcceptanceNOW.

28. On December 1, 2016, Plaintiff received an e-mail from AcceptanceNOW acknowledging her order and purchase from AcceptanceNOW. *See* Exhibit 2, purchase order acknowledgement e-mail from AcceptanceNOW.

29. Plaintiff signed the Lease-Purchase Agreement with AcceptanceNOW on December 1, 2016 *via* the "click-through AcceptanceNOW web portal." *See* Exhibit 3, Lease-Purchase Agreement with AcceptanceNOW (agreement #hxj00508).

30. The Lease-Purchase Agreement is between Plaintiff and AcceptanceNow, despite being physically present in the Conn's Home Plus store at the time of purchase. *See* Exhibit 3, Lease-Purchase Agreement with AcceptanceNOW (agreement #hxj00508).

31. On December 1, 2016, Plaintiff also signed a Consumer Arbitration Agreement with AcceptanceNOW as part of her purchase of the laptop. *See* Exhibit 4, Consumer Arbitration Agreement with AcceptanceNOW ("Arbitration Agreement").

32. The Arbitration Agreement only covers disputes between Plaintiff and AcceptanceNOW. *Id*.

33. Plaintiff has never signed any agreement or contract with defendant Conn's.

34. Defendant Conn's is not a party to the Arbitration Agreement. *Id*.

35. Defendant Conn's is not relying on any representations in the Arbitration Agreement. *Id*.

36. On December 8, 2016, AcceptanceNOW sent an e-mail to Plaintiff welcoming her to the "AcceptanceNOW Benefits Plus Program." *See* Exhibit 5, AcceptanceNOW e-mail confirming her enrollment in the AcceptanceNOW Benefits

6

**CLASS ACTION COMPLAINT**

1 | Plus Program (Membership ID 2A78N265V).

2 |     37.    In or around late December of 2016, defendant Conn's began calling
3 | Plaintiff's cellular telephone without her consent demanding payment for the laptop
4 | computer that Plaintiff purchased from AcceptanceNOW.

5 |     38.    In or around late December of 2016, Plaintiff verbally spoke with
6 | Conn's and told Conn's to stop calling her cellular telephone.

7 |     39.    However, defendant Conn's continued calling Plaintiff's cellular
8 | telephone despite Plaintiff's request for Conn's to stop calling.

9 |     40.    On February 16, 2017, Plaintiff received an e-mail from
10 | AcceptanceNOW demanding payment for her purchase. *See* Exhibit 6,
11 | AcceptanceNOW e-mail demanding payment on her account with AcceptanceNOW.

12 |     41.    The harassing phone calls from Conn's to Plaintiff's cell phone were
13 | made through an automated telephone dialing system; and were so severe in volume
14 | that Plaintiff felt compelled to file a formal complaint against Conn's with the
15 | Federal Trade Commission ("FTC") (reference #90635152). *See* Exhibit 7,
16 | Plaintiff's FTC complaint against Defendant Conn's.

17 |     42.    According to Conn's statements and representations to the U.S.
18 | Securities and Exchange Commission ("SEC"), AcceptanceNow is a third-party
19 | "payment solutions provider not affiliated with us [Conn's]." *See* Exhibit 8, Conn's
20 | SEC 10-K excerpts.

21 |     43.    Plaintiff never consented to receive automated dialing system calls
22 | from Conn's or its agents.

23 |     44.    Plaintiff is the regular user and carrier of her cellular telephone
24 | number, including but not limited to the number ending in -6546, and she is the
25 | called party/recipient of telephone calls from Conn's automatic telephone dialing
26 | system and/or artificial or prerecorded voice messages.

27 |     45.    Conn's knowingly and/or willfully called Plaintiff's cellular telephone
28 | after Conn's had received multiple unequivocal notices from Plaintiff to cease any

1 and all calls to Plaintiff.

2   46. Conn's knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day after Plaintiff revoked any alleged consent for Conn's to contact Plaintiff's cellular telephone.

47. Conn's used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

48. Conn's has possession and control of call logs, account notes, auto-dialer reports, and other records detailing the total number of all calls made to Plaintiff's cellular telephone number.

49. Conn's automatic phone calls to Plaintiff's cellular telephone included delays in time before the telephone calls were transferred to a representative to begin speaking.

50. Some of the Conn's representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

51. None of Conn's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

52. None of Conn's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227(b)(1)(A).

53. In order to redress injuries caused by Conn's violations of the TCPA, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited voice and text calls to cell phones.

54. On behalf of the Class, Plaintiff also seeks an injunction requiring Conn's to cease all TCPA violations and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## VI.   FACTS APPLICABLE TO THE CLASS

55. All conditions precedent to the filing of this class action Complaint have been performed or have occurred.

**A.    CONN'S PUBLIC STATEMENTS TO THE SEC**

8

**CLASS ACTION COMPLAINT**

56. According to Conn's statements and representations to the U.S. Securities and Exchange Commission ("SEC"), AcceptanceNow is a third-party "payment solutions provider not affiliated with us [Conn's]." *See* Exhibit 8, Conn's SEC 10-K excerpts.

57. Conn's provided consumers with access to monthly payment options through its previous relationship with AcceptanceNow. *Id*.

58. If a customer does not qualify for credit offered by Conn's, then Conn's sells the applicable merchandise to AcceptanceNow, which leases the merchandise to the customer under a separate lease-to-own arrangement. *Id*.

59. Conn's records the transaction with AcceptanceNow as a cash sale. *Id*.

60. AcceptanceNow manages its own underwriting decisions and is "responsible for their own collections." *Id*.

61. Conn's offered a "rent-to-own payment option" through AcceptanceNow for customers that did not qualify for Conn's internal credit programs. *Id*.

62. Conn's generated nearly $1.6 billion dollars of revenue in 2017. *Id*.

63. As a result of its relationship with AcceptanceNow, Conn's recognized sales of $81.4 million in 2017, $58.9 million in 2016, and $56.8 million in 2015. *Id*.

64. AcceptanceNow generated total retail revenue for Conn's of approximately 6.2% in 2017 and approximately 5.9% in 2018. *Id*.

65. On March 30, 2017, Conn's received notice from RAC Acceptance East, LLC, an affiliate of Rent-A-Center, d/b/a "AcceptanceNow," of its intent not to renew the April 7, 2015 Referral Agreement ("RAC Agreement") with Conn's. *Id*.

66. Pursuant to the RAC Agreement, AcceptanceNow provided a lease-to-own payment solution for Conn's customers who failed to qualify for Conn's internal credit programs but who qualified with AcceptanceNow. *Id*.

67. The agreement between Conn's and AcceptanceNow expired on June 6, 2017. *Id*.

9

**CLASS ACTION COMPLAINT**

## B.     CONN'S ATDS: THE NOBLE OUTBOUND PREDICTIVE DIALER

68.     Conn's has historically used a Noble Outbound Predictive Dialer to auto-dial millions of phone numbers.

69.     Conn's programs telephone numbers into its dialing system which then automatically dials those numbers at a rate of 600,000 outbound calls per day to people such as Plaintiff and the putative Class.

70.     Conn's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

71.     Recent court filings by Conn's show, for a fact, that Conn's uses a Noble Outbound Predictive Dialer ("Noble ATDS") to willfully violate the TCPA as part of its routine business practice. *See* Case 4:18-cv-03087 (SDTX), Doc. 1-2, Transcript of Final Arbitration Hearing in *Williams v. Conn's*, July 23-24, 2018 (filed September 4, 2018) (the "*Williams* Transcript").

72.     Conn's senior manager of compliance and corporate representative, Clinton R. Walton ("Walton"), testified under oath that Conn's:

  (a) uses the "Noble Outbound Predictive Dialer" to auto-dial millions of phone numbers;

  (b) places "about 600,000 outbound calls per day" automatically to people like Claimant;

  (c) employs "about 850" call agents in four different "call centers;" and

  (d) has "up to three phone lines per agent" in the call centers.

*See Williams* Transcript, 6:1-2, 6:15-21, 12:9-12, 16:15-16, 42:8-9, 216-18, 222:20-223:16, 262:19-22, 263:13-15, 364:19-365:4, 479:21-22, 483:4-5.

73.     Specifically, Conn's ATDS stores and produces a list of customer telephone numbers that it automatically calls using an "automatic telephone dialing system" as that term is defined in 47 U.S.C. § 227(a)(1) through its Noble Outbound Predictive Dialer.

**CLASS ACTION COMPLAINT**

74.     On September 4, 2018, Arbitrator David J. Harris made a specific finding of fact in his arbitration award against Conn's relating to TCPA violations like the present case:

> "Based upon the proof presented in this case, the Arbitrator finds that **the system used by Respondent [Conn's] to call Claimant was an ATDS.**"

*See* September 4, 2018 AAA Final Award in *Williams v. Conn's* (Exhibit 9, at ¶ 5) ("*Williams* Award") (emphasis added).

75.     Arbitrator David J. Harris also made the following findings of fact in the *Williams* Award:

> **"Respondent [Conn's] violated the TCPA** as to the 431 calls it placed to Claimant after October 14, 2016. Pursuant to 47 USC §227(b)(3), Claimant is therefore entitled to recover $500 per violation for the 431 collection calls placed to his phone by Conn Appliances after October 14, 2016 for a total of $215,550."

*Id*. at ¶ 7 (emphasis added).

76.     The Noble ATDS used by Conn's increases the number of calls it can place by "about 400 percent." *Williams* Transcript, 77:7-8.

77.     Conn's spends "over a million dollars a year" for the license to autodial customers. Id. at 364:11-13.

78.     "Every day on average, Conn's leaves 18,000 people hanging on the phone with no one there." *Id*. at 541:20-21.

79.     Conn's has "literally weaponized this dialer." *Williams* Transcript, 16:19-25. Conn's intentionally and willfully ignores people who plead for the calls to stop, yell at Conn's on the phone, curse at Conn's, and expressly tell Conn's: "do not call me anymore" – and the calls continue – over 600,000 times each day. *Williams* Transcript, 16:16, 42:9, 222:20-223:16, 262:19-22, 364:19-24, 365:24-366:6, 483:4.

11

**CLASS ACTION COMPLAINT**

80.     It's been a routine business practice for Conn's during the past several years to intentionally harass customers with repeated and annoying calls, even after the customer tells Conn's to stop calling them:

> "When people fall behind [on payments], they will begin to call you, and call you, and repeatedly call you. Why would they do that? Because it works. The frustration gets so bad that people will pay them to just to try and stop the calls."

*See Williams* Transcript, at 16:19-25.

81.     After claimant Williams cursed at Conn's on the phone telling Conn's to "stop calling me," Conn's called him 934 more times. *Id*. at 9:13-10:2. The account logs produced from Conn's for this call on July 2, 2016 showed the agent wrote "Customer said, 'stop calling,' hung up." *Id*. However, Conn's intentionally and willfully ignores people telling them to stop calling – and the calls continue – over 600,000 times each day. *Id*., at 16:16, 42:9, 222:20-223:16, 262:19-22, 364:19-24, 365:24-366:6, 483:4.

## C.     CLASS ACTION ALLEGATIONS

82.     Common issues predominate when, as here, liability can be determined on a class wide basis, even where there will be some individualized damages and determinations.

83.     This action is brought by Plaintiff on behalf of the Class of individuals defined as (i) all persons to whom a call was initiated by either Conn's or its agent (ii) to such person's cellular telephone number (iii) using an automatic telephone dialing system, (iv) in the four year period preceding the filing of this action (v) and where Conn's did not have permission to make the call (vi) or the person revoked consent to receive future calls.

84.     There are questions of law and fact that are common to the Plaintiff's and Class Members' claims.  These common questions predominate over any question that goes particularly to any individual member of the Class.  Among such

common questions of law and fact are the following:

  (a) Whether Conn's conduct violated the TCPA;

  (b) Whether Conn's systematically made telephone calls to consumers who did not give any prior express consent to receive telephone calls to their cellular telephones;

  (c) Whether Conn's systematically made telephone calls to consumers who revoked any prior express consent to receive telephone calls to their cellular telephones;

  (d) Whether members of the Class are entitled to treble damages based on the willfulness of Conn's conduct; and

  (e) Whether Conn's and their agents should be enjoined from engaging in such conduct in the future.

85. When determining whether common questions predominate, courts focus on the liability issue, and, if the liability issue is common to the class, common questions will be held to predominate over individual questions. In this case, each proposed class member owed a debt related to a home furnishings account, which Conn's was attempting to collect.

86. At some point during the life of the customers' home furnishings account Conn's contacted the customers via cellular telephone in an attempt to collect the consumer debt; however, the customer revoked any alleged express consent to be contacted via cellular telephone.

87. Despite the revocation of express consent to be contacted *via* cellular telephone, Conn's continued to call the customer's cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

88. There are uniform and statutory damages available to class members for the Conn's knowing non-compliance with the TCPA.

89. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to

13

**CLASS ACTION COMPLAINT**

individual class members that would establish incompatible standards of conduct for the party opposing the class.

90. Plaintiff brings this action against Conn's pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and all others similarly situated. Plaintiff seeks to certify the following class:

> All persons within the United States who received a non-emergency telephone call from Conn's to a cellular telephone using an automatic telephone dialing system where Conn's did not have consent to make such calls.

91. Excluded from this class are Defendant Conn's, its affiliates, subsidiaries, agents, board members, directors, officers, and employees, and Plaintiff's counsel.

92. Plaintiff reserves the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate.

93. The individual class members are numerous, and joinder of all members is impracticable.

94. The individual class members are ascertainable because the names and addresses of all class members can be identified in the business records maintained by the Conn's. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

95. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Conn's. Each class member has sustained and will continue to sustain damages in the same manner as Plaintiff as a result of Conn's wrongful conduct.

96. Plaintiff is an adequate representative of the Class, and will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent her. There is no hostility between Plaintiff and

**CLASS ACTION COMPLAINT**

unnamed class members. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

97. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

(a) Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions, yet if the action is not prosecuted, Conn's will continue its wrongful actions;

(b) There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

(c) The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

(d) Individual suits would not be cost effective or economically maintainable as individual actions;

(e) The action is manageable as a class action; and

(f) Attorney's fees are not recoverable under the TCPA, making it unlikely for individual claims to be prosecuted.

## VII.  CAUSES OF ACTION

### A. COUNT I: VIOLATIONS 47 U.S.C. § 227(b)(1)(A)(iii)

98. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

99. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

100. Conn's used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

101. Conn's independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each

call that Conn's placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

102. The phone calls made by Conn's are considered willing and knowing violations of the TCPA, as Conn's was well aware of Plaintiff's requests to cease any and all calls to Plaintiff's cellular telephone.

103. Furthermore, Conn's was well aware of the TCPA and its prohibitions and continued to call Plaintiff's cellular telephone via automatic telephone dialing system or an artificial or prerecorded voice despite having knowledge of Plaintiff's revocation of consent to be contacted, in violation of Plaintiff's privacy rights.

## VIII. JURY DEMAND

104. Plaintiff demands a trial by jury as to all issues presented in this Complaint.

## IX. PRAYER FOR RELIEF

105. WHEREFORE, Plaintiff, Francine Edwards, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing HUGHES ELLZEY, LLP as lead Class Counsel;

(b) An award of statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each and every call that violated the TCPA;

(c) An increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Conn's independent violations were made willfully or knowingly;

(d) An injunction requiring Conn's and their agents to cease all telephone calling activities that violate the TCPA, and otherwise protecting the interests of the Class pursuant to 47 U.S.C. §

    227(b)(3)(A);

  (e) Pre-judgment and post-judgment interest on monetary relief;

  (f) An award of reasonable attorneys' fees and court costs pursuant to Fed. R. Civ. P. 23(h); and

  (g) All other and further relief as the Court deems necessary, just, and proper.

Dated: October 16, 2018.  Respectfully Submitted,

      */s/ Nicholas M. Porras*
      Nicholas M. Porras
      Nevada Bar No. 12849
      nick@porraslegal.com
      LAW OFFICES OF NICHOLAS M. PORRAS, P.A.
      201 West Liberty Street, Ste. 207
      Reno, NV 89501
      Tel: (775) 525-9246
      Fax: (888) 688-4975

      HUGHES ELLZEY, LLP
      W. Craft Hughes*
      craft@hughesellzey.com
      Jarrett L. Ellzey*
      jarrett@hughesellzey.com
      2700 Post Oak Blvd., Ste. 1120
      Houston, TX 77056
      Tel: (713) 322-6387

      BOSS LAW, PLLC
      Christopher W. Boss*
      cp@bosslegal.com
      9887 4th Street North, Ste. 202
      St. Petersburg, FL 33702
      Tel: (727) 471-0039

      *Pro Hac Vice forthcoming*

      ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

CLASS ACTION COMPLAINT