# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCINE EDWARDS,<br><br>            Plaintiff,<br><br>v.<br><br>CONN APPLIANCES, INC., et al.,<br><br>            Defendants. | Case No. 2:18-cv-01998-APG-BNW<br><br>**ORDER** |

This matter is before the court on the parties' proposed discovery plan and scheduling order (ECF No. 68).

## I. Procedural background

The parties are familiar with the facts of this case, and the court will repeat them here only as necessary. Plaintiff Francine Edwards brings a putative class action against defendants Conn's, Inc. and Conn Appliances, Inc. (together, "Conn Appliances") for alleged violations of the Telephone Consumer Protection Act ("TCPA"). (Compl. (ECF No. 1).) Specifically, Edwards alleges that Conn Appliances called her cellular telephone to collect a debt for a laptop computer via an automatic telephone dialing system without her consent. (*Id.* at ¶¶ 3, 7, 37.) Edwards alleges the debt is owed to AcceptanceNOW. (*Id.* at ¶¶ 3, 37.) AcceptanceNOW was not named as a defendant, but it intervened in this case. (Order (ECF No. 70).)

Conn Appliances has moved to dismiss, arguing the TCPA is an unconstitutional, content-based restriction on speech. (Mot. to Dismiss (ECF No. 28).) Conn Appliances also has moved to dismiss on the grounds that Edwards does not plausibly allege that Conn Appliances called her to collect a debt because Edwards states her account was with AcceptanceNOW, not Conn Appliances. (*Id.*) Conn Appliances also moves to dismiss the non-Nevada putative class members' claims for lack of personal jurisdiction. (Mot. to Dismiss (ECF No. 29).)

Conn Appliances also has moved to strike Edwards' class allegations definition, arguing it is an improper failsafe class. (Mot. to Strike (ECF No. 30).) As is relevant to discovery, Conn Appliances argues that permitting the class to proceed to discovery could "result in a defendant being required to respond to discovery regarding every call it made during the class period on the grounds that each call could potentially be a TCPA violation, even though a class that broad could never be certified." (*Id.* at 5.) Finally, Conn Appliances has moved to stay the case pending the outcome of decision of the United States Court of Appeals for the Ninth Circuit in *Gallion v. Charter Communications*, appeal docketed No. 18- 55667 (9th Cir. May 23, 2018). (Mot. to Stay (ECF No. 38).) Conn Appliances contends the Ninth Circuit case will determine whether the TCPA is an unconstitutional, content-based restriction on speech. (*Id.*)

Edwards has moved to amend her class action complaint to add factual allegations regarding the telephone calls. (Mot. to Amend (ECF No. 56).) The motion to amend precipitated two motions for sanctions by Conn Appliances. (Mots. for Sanctions (ECF Nos. 62, 72).) Depending on the outcome of the motion to amend, the United States of America may decide to intervene in the matter. (*See* Order (ECF No. 64).)

AcceptanceNOW filed a motion to compel arbitration and to stay this case, arguing Edwards entered into an arbitration agreement when she purchased the laptop that governs the claims at issue and that requires Edward to arbitrate on an individual, non-class basis. (Mot. to Compel Arb. (ECF No. 73).) All of these motions will be addressed by the court in due course.

**II.  Proposed discovery plan**

Edwards seeks to conduct discovery on all claims on an individual and class basis and she presents a proposed timeline for that discovery. (Proposed DPSO (ECF No. 68).) Conn Appliances seeks to stay discovery, arguing that Edwards was never its customer and that it therefore is implausible that it made any calls to Edwards. Conn Appliances further argues that if any calls were made, they were made by AcceptanceNOW—the company from which Edwards purchased her laptop—and that those claims are subject to arbitration on an individual basis. Conn Appliances further argues that the outcome of Edwards' pending motion to amend the complaint will impact the topics of discovery. If the court declines to stay discovery, Conn

Appliances requests a tiered discovery plan.  Conn Appliances proposes that the first phase should allow limited discovery on whether Edwards' claim is subject to arbitration and whether she has a meritorious claim and standing to represent the putative class.  As to class discovery, Conn Appliances proposes bifurcating merits and class discovery.

The court has considered the parties' proposals regarding discovery in the context of the various pending motions and the complex procedural posture of this case.  It appears that the outcome of each of the pending motions will impact the scope and topics of permissible discovery in this case.  For instance, Conn Appliances' motion to dismiss (ECF No. 28) is potentially dispositive of its participation in this case.  Conn Appliances' motion to dismiss the non-Nevada putative class members' claims and to strike the class allegations each bear on the scope of discovery.  Edwards' motion to amend her complaint bears on the permissible topics of discovery.  AcceptanceNOW's motion to compel arbitration is also potentially dispositive.  Finally, if the United States district judge grants Conn Appliances' motion to stay the case and/or AcceptanceNOW's motion to stay the case, discovery necessarily would be stayed.

Given these various contingencies, the court is not in a position to evaluate what discovery is necessary and proportional to the needs of this case.  Given the case's complex procedural posture, the various contingencies addressed in this order, and for the sake of efficiency, the court in its discretion will stay discovery pending the court's order on the motions to dismiss, to strike, to stay this case, to compel arbitration, and to amend the complaint (ECF Nos. 28, 29, 30, 38, 56, 73).  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (courts have broad discretionary power to control discovery); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (when deciding whether to grant a stay of discovery, the court is guided by Rule 1's objectives of ensuring a "just, speedy, and inexpensive determination of every action."); *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985) (considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases).

/ / /

/ / /

### III. Conclusion

IT IS THEREFORE ORDERED that the parties' proposed discovery plan and scheduling order (ECF No. 68) is DENIED without prejudice.

IT IS FURTHER ORDERED that discovery is STAYED as stated in this order.

DATED: July 30, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE