# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANCINE EDWARDS, | Case No.: 2:18-cv-01998-APG-BNW |
| Plaintiff | **Order on Multiple Motions** |
| v. | [ECF Nos. 28, 29, 30, 38, 56, 73] |
| CONN'S, INC. and CONN APPLIANCES, INC., | |
| Defendants | |
| RAC ACCEPTANCE EAST, LLC d/b/a ACCEPTANCENOW, | |
| Intervenor | |

Several motions are pending. The parties are familiar with the facts of this case, so I provide only a brief summary here.

Plaintiff Francine Edwards brings a putative class action against Conn's, Inc. and Conn Appliances, Inc. (collectively, Conn Appliances) for alleged violations of the Telephone Consumer Protection Act (TCPA). She contends that Conn Appliances called her cellular phone on numerous occasions without her consent seeking payment for a laptop computer that she rented from AcceptanceNOW in one of Conn Appliances' stores. ECF No. 1. Conn Appliances moves to dismiss, arguing 1) the TCPA is an unconstitutional content-based restriction on speech, and 2) Edwards has not plausibly alleged Conn Appliances called her to collect a debt given that the debt is owed to AcceptanceNOW, not Conn Appliances. ECF No. 28.

Conn Appliances also moves to dismiss the non-Nevada putative class members' claims for lack of personal jurisdiction. ECF No. 29. It moves to strike Edwards' proposed class

definition as an improper failsafe that would overburden discovery proceedings, as well as paragraphs 76 through 81 of her complaint as irrelevant and prejudicial. ECF No. 30. And it moves to stay the case pending the outcome of the Ninth Circuit decision in *Gallion v. Charter Communications*, arguing the decision will determine the TCPA's constitutionality. ECF No. 38.

Thereafter, Edwards moved to amend her complaint. ECF No. 56. The United States may intervene in the case, depending on my decision regarding the motion to amend. ECF No. 64. AcceptanceNOW (through RAC Acceptance East, LLC) moved to intervene in the case, which I granted as unopposed. ECF Nos. 67; 70. AcceptanceNOW then moved to compel arbitration, arguing it has a valid arbitration agreement with Edwards that covers the claims at issue. ECF No. 73.

# I. ANALYSIS

### A. *Motion to Stay*

Conn Appliances moved to stay this case pending the outcome of the Ninth Circuit decision in *Gallion v. Charter Communications*. I deny Conn Appliances' motion as moot. After the briefing was completed, the Ninth Circuit decided *Gallion* and held, in an unpublished decision, that the 2015 amendment to the TCPA, which exempted calls made to collect "a debt owed to or guaranteed by the United States," is an unconstitutional content-based speech regulation. *Gallion v. United States*, 772 F. App'x 604, 605 (9th Cir. 2019) (quotation and citation omitted). However, the court found the government debt collection exemption to be severable, thereby preserving the constitutionality of the remainder of the TCPA. *Id.* at 606 (citing *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156-57 (9th Cir. 2019)). Moving forward, all claims in this case will continue under the pre-amendment TCPA, which the Ninth Circuit has held to be content-neutral and consistent with the First Amendment. *See Duguid*, 926 F.3d at

1153 (citing prior holdings that found the TCPA satisfied intermediate scrutiny because it was narrowly tailored to advance the government's interest in residential privacy).

### B. *Motion to Compel Arbitration*

AcceptanceNOW argues that Edwards' claims must be resolved through arbitration because she signed a valid arbitration agreement. ECF No. 73 at 12-16. It also argues that the delegation clause in the agreement requires all gateway issues, like whether her claims are governed by the agreement, to be decided by an arbitrator. *Id.* at 7-8. Edwards argues that she is not asserting any claims against AcceptanceNOW and that her claims against Conn Appliances do not arise from her agreement with AcceptanceNOW. ECF No. 80 at 3. AcceptanceNOW replies that Edwards' claims against Conn Appliances arise from the lease-purchase agreement she signed to purchase a laptop. ECF No. 82 at 4-5. Because the arbitration agreement was signed in connection with her purchase, it contends that all claims relating to the laptop must be resolved by the arbitrator. *Id.*

Section 2 of the Federal Arbitration Act (FAA) "creates a policy favoring enforcement of agreements to arbitrate." *Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203 (2012); 9 U.S.C. § 2. "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

Had Edwards tried to litigate a claim against AcceptanceNOW regarding the laptop lease-purchase agreement, she would have had to arbitrate. But Edwards states she is not asserting a claim against AcceptanceNOW. I granted AcceptanceNOW's motion to intervene because it was unopposed. It is unclear to me why Edwards did not respond to its motion to intervene.

3

Regardless, Edwards has now unequivocally stated that she is not asserting any claims against AcceptanceNOW, so I dismiss it from this case and deny its motion to compel arbitration as moot.[1]

### C. *Motion to Amend Complaint*

Edwards moves to amend her complaint, arguing that the amendment would clarify her TCPA claims and add more factual detail. ECF No. 56 at 2. Conn Appliances opposes, arguing the proposed amendment was requested in bad faith and amendment would be futile. ECF No. 61 at 6-11. Edwards did not file a reply brief.

Under Rule 15(a)(2), "the court should freely give leave [to amend] when justice so requires." However, leave to amend "is not to be granted automatically." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). I consider five factors "to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* (internal punctuation omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999).

####     1.    Bad Faith

Conn Appliances argues the motion was filed in bad faith because Edwards' counsel (Mr. Hughes) "was told repeatedly that the original complaint lacked merit" and he "ultimately filed—with no discussion—a proposed amended complaint and greatly expands the case relying

---

[1] Conn Appliances did not join AcceptanceNOW's motion or file its own motion to compel arbitration.

on the same (and additional) false allegations set forth in the original complaint." ECF No. 61 at 7.

Conn Appliances misapplies the bad faith analysis by arguing the merits of Edwards' claims. Mr. Hughes did not act in bad faith by taking his client's statements of fact as true and ignoring defense counsel's attempts to dismiss them. And while conferring about a proposed amendment can be beneficial, nothing in the applicable rules requires that before moving to amend. Finally, Conn Appliances makes conclusory assertions that this is Edwards' attempt to avoid arbitration, but as discussed above Edwards has no arbitration agreement with Conn Appliances.

There is no evidence that the proposed amended complaint was made in bad faith in an attempt to prolong litigation by adding new baseless theories. *See Griggs*, 170 F.3d at 881 (noting that filing a motion to amend would be done in bad faith if the plaintiff "merely is seeking to prolong the litigation by adding new but baseless legal theories"). The proposed amended complaint asserts plausible claims of TCPA violations based on Edwards' allegations that Conn Appliances continued to call her without her consent and after she expressly told it to stop calling. Thus, this factor supports granting the motion to amend.

    2.    <u>Futility</u>

Conn Appliances argues that the proposed amendment would not survive a Rule 12(b)(6) motion to dismiss because Edwards' factual allegations are conclusory. ECF No. 61 at 9-10. It further argues that the allegations "are totally contrary to the facts." *Id.*

An amendment would be futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel*

*Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). Thus, amendment would be futile if the proposed amended complaint could not survive a motion to dismiss.[2]

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Edwards' proposed amended complaint alleges two distinct TCPA violations. First, it alleges that Conn Appliances violated the TCPA when it called Edwards' cell phone using an automated telephone dialing system (ATDS) or a prerecorded voice message and continued to call after she made multiple requests to stop. ECF No. 56-1 at 22. Second, the proposed amended complaint alleges that Conn Appliances violated the TCPA when it called Edwards' cell phone after she registered her phone on the National Do-Not-Call Registry (DNC). *Id.* at 23-24. Edwards seeks injunctive and monetary relief. *Id.* at 22-24.

---

[2] Because I grant Edwards' motion to amend and because I am asked to conduct a Rule 12(b)(6) analysis for Edwards' proposed amended complaint, I dismiss Conn Appliances' motions to dismiss as moot. ECF Nos. 28; 29. To the extent Conn Appliances will again try to dismiss non-Nevada putative class members for lack of personal jurisdiction based on the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773 (2017), I follow other district courts in this circuit and hold that *Bristol-Myers* does not apply to class actions. *See Sotomayor v. Bank of Am., N.A.* 377 F.Supp.3d 1034, 1037-38 & n.2 (C.D. Cal. 2019) (discussing the differences between mass torts and class actions that support the proposition that courts may exercise jurisdiction over nonresident class members and identifying other cases within the Ninth Circuit that have come to similar conclusions).

6

Taking these allegations as true, Edwards has plausibly alleged that Conn Appliances violated the TCPA. While Conn Appliances adamantly denies calling her, that is a question of fact that I do not resolve at this stage of the proceedings.

### 3. Other Factors

The other three factors weigh in favor of granting Edwards' motion to amend. This is Edwards' first request to amend. Because discovery is stayed (ECF No. 77), the proposed amended complaint does not cause any undue delay. And Conn Appliances does not identify any prejudice. Accordingly, I grant Edwards' motion for leave to file an amended complaint.

### D. *Motion to Strike*

Conn Appliances moves to strike Edwards' proposed class definition as an improper failsafe that would overburden discovery proceedings. ECF No. 30 at 4-7. Because I grant Edwards' motion to amend her complaint, which includes new proposed class definitions, I deny this part of the motion as moot.

Conn Appliances also moves to strike paragraphs 76 through 81 of the complaint, arguing that the material is impertinent and prejudicial. ECF No. 30. Those paragraphs are now reflected in the proposed amended complaint at paragraphs 121 through 126. *See* ECF No. 56-1 at 17-18. Specifically, Conn Appliances argues that statements by an attorney in a separate arbitration proceeding are not evidence and will cause confusion because Edwards does not attribute the language to the attorney but only to the arbitration proceeding generally. ECF No. 30 at 7-8. Edwards responds that the allegations are excerpts of a transcript from a prior arbitration proceeding involving similar TCPA violations by Conn Appliances. ECF No. 45 at 6. She argues that the information is relevant because it provides details about Conn Appliances' telephone dialer system. *Id.*

Rule 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993) (quotation and citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

Here, the paragraphs provide information on the type of telephone dialer system Conn Appliances uses or at least has used in the past. The information strengthens the veracity of Edwards' claim that Conn Appliances called her using an ATDS. Determining whether an ATDS was used is relevant to whether a TCPA violation occurred. And while Conn Appliances argues that the information is prejudicial, it is doubtful that the amended complaint would be read to the jury. To the extent Conn Appliances argues prejudice unless the quote is attributed to the claimant's counsel (ECF No. at 30 at 8), it will not be difficult to determine where the language came from: Edwards includes the transcript of the arbitration proceeding as an exhibit to her proposed amended complaint. I deny the motion because there is no basis to strike the allegations. Fed. R. Civ. P. 12(f); *see also Lee v. Enter. Leasing co.-W.*, No. 3:10-CV-LRH-WGC, 2012 WL 3996848, at *6 (D. Nev. Sept. 10, 2012) ("[T]hat Plaintiffs' allegations might 'insinuate' that Defendants have engaged in conduct they dispute does not constitute undue prejudice.").

## II. CONCLUSION

I THEREFORE ORDER that intervenor AcceptanceNOW's motion to compel arbitration (**ECF No. 73**) **is DENIED as moot**. AcceptanceNOW is **DISMISSED** from this case.

I FURTHER ORDER that plaintiff Francine Edwards' motion for leave to file an amended complaint **(ECF No. 56) is GRANTED**.

I FURTHER ORDER that defendant Conn Appliances' motions to dismiss, motion to stay, and motion to strike **(ECF Nos. 28, 29, 30, 38) are DENIED**.

DATED this 27th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE