Jennifer L. Braster (Nevada Bar No. 9982)
Andrew J. Sharples (Nevada Bar No. 12866)
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, Nevada 89145
Telephone:  (702) 420-7000
Facsimile:  (702) 420-7001
jbraster@nblawny.com
asharples@nblawnv.com

Eric J. Troutman (*Pro Hac Vice*)
Squire Patton Boggs (US) LLP
555 South Flower Street, Suite 3100
Los Angeles, CA 90071
Telephone:  (213) 624-2500
Facsimile:   (213) 623-4581
Eric.troutman@squirepb.com

Daniel L. Delnero (*Pro Hac Vice*)
Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309
Telephone:  (678) 272-3200
Facsimile:  (678) 272-3211
Daniel.delnero@squirepb.com

Brian M. Gillett (*Pro Hac Vice*)
Squire Patton Boggs (US) LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201
Telephone:  (214) 758-1500
Facsimile:  (213) 758-1550
brian.gillett@squirepb.com

Attorneys for Defendants
CONN'S, INC. and CONN APPLIANCES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCINE EDWARDS, individually and on behalf of all and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CONN'S, INC. and CONN APPLIANCES, INC.,<br><br>    Defendants. | Case No. 2:18-cv-01998-APG-BNW<br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN *BARR v. AM. ASS'N OF POLITICAL CONSULTANTS, INC.*, CASE NO. 19-631** |

- 1 -

Defendants Conn's, Inc. and Conn Appliances, Inc. (together, "Conn's") request that this Court stay all proceedings in this case, and would respectfully show as follows:

## I. Introduction

Plaintiff's suit in this case alleges violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227 *et seq.* On January 10, 2020, the Supreme Court granted certiorari in *Barr v. American Association of Political Consultants, Inc.*, No. 19-631, 2020 U.S. LEXIS 2 (2020), to address the very constitutionality of the TCPA. The issue presented is whether the TCPA is an unconstitutional, content-based restriction on free speech, and whether the proper remedy for a constitutional violation is to sever any content-based exemptions from the rest of the statute.[1] The Supreme Court's decision in *Barr v. AAPC* will likely be handed down no later than June 2020[2]—less than five months from the date of this motion.

Depending on the Supreme Court's decision, there may not even be a TCPA for Plaintiff to sue under. The parties should not be required to litigate this case under such a cloud of uncertainty. Conn's instead asks the Court to stay this case, to promote judicial economy and fairness to the parties, until the Supreme Court's ruling is available to clarify whether the TCPA is an unconstitutional restriction on free speech.

## II. Background

Plaintiff's causes of action in this case allege violations of the TCPA's automated calling provisions, 47 U.S.C. § 227(b)(1)(A). The TCPA prohibits, *inter*

---

[1] https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf (last visited Jan. 31, 2020).

[2] https://www.supremecourt.gov/casehand/Guide%20for%20Counsel%202019_rev10_3_19.pdf at 14 ("[C]ases argued during the Term are usually decided before the end of June.") (last visited Jan. 31, 2020).

- - 2 - -

DEFENDANTS' MOTION TO STAY PROCEEDINGS

*alia*, calls made using an "automatic telephone dialing system"[3] "or an artificial or prerecorded voice" to call a cellular telephone service without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A).

At issue in *Barr v. AAPC* is an exemption to the automated call prohibition. The TCPA exempts otherwise-prohibited calls if they are "made solely to collect a debt owed to or guaranteed by the United States." *Id.* § 227(b)(1)(A)(iii).[4] The AAPC's suit challenged the government-backed debt exemption as creating an impermissible content-based restriction on speech—speech to collect government-backed debt was favored, and speech involving other content was disfavored. The Fourth Circuit agreed with AAPC: "the debt-collection exemption fails to satisfy strict scrutiny, constitutes an unconstitutional content-based restriction on speech, and therefore violates the Free Speech Clause." *Am Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 170 (4th Cir. 2019).

When a statutory exception violates the First Amendment, the correct remedy is to strike down the entire statute as unconstitutional. *See, e.g.*, *Rappa v. New Castle Cnty.*, 18 F.3d 1043, 1073 (3d Cir. 1994) (explaining that courts will not sever a statutory exception if "[e]liminating the offending exception would mean that we would be requiring the State to restrict *more* speech than it currently does"); *see also Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 102 (1972) (invalidating entire ordinance prohibiting picketing outside schools, not severing exception for labor picketing). However, the Fourth Circuit did not follow this clear precedent and

---

[3] An "automatic telephone dialing system" or "ATDS" is defined as equipment having the capacity: "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

[4] There are other content-based exemptions to the TCPA that are not at issue in *Barr v. AAPC*. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (emergency calls); *In the Matter of Rules and Regs. Implementing the Tel. Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 8030 ¶ 146 (July 10, 2015) (calls related to medical appointment reminders).

instead chose to restrict *more* speech by severing the government-backed debt exemption. *See* 923 F.3d at 171.

The Supreme Court granted certiorari. The constitutionality of not only the government-backed debt exemption, but the entire TCPA, will be decided in only a few months.

### III. Argument

The Court should stay this case while the Supreme Court decides the constitutionality of the TCPA. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

*Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "[T]he decision to grant a stay . . . is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (internal quotation marks omitted).

The Ninth Circuit instructs district courts to weigh three factors when considering a motion to stay: (1) the extent to which issues of law and fact will be simplified if a stay is granted; (2) the hardship or inequity the requesting party will suffer absent a stay; and (3) the possible harm that will result from granting a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These factors weigh uniformly in favor of a stay.

**Simplification of Issues of Law and Fact**. The Supreme Court will be deciding the constitutionality of the statute on which Plaintiff's causes of actions are based. The Supreme Court's decision, expected by June 2020, will provide substantial guidance to this Court and the parties in resolving this dispute. *See Landis*,

299 U.S. at 253 (holding that a stay may be warranted where the resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved"). Indeed, the Supreme Court's decision might eliminate Plaintiff's cause of action entirely. That would unquestionably simplify issues of law and fact.

**Hardship to Conn's Absent a Stay**. Proceeding in the absence of such guidance would be inefficient, waste the resources of the Court and the parties, and potentially result in an inconsistent ruling that will need to be corrected in light of any decision by the Supreme Court. It would impose a hardship on Conn's to require it to engage in discovery and motion practice if Plaintiff does not have a valid cause of action. Yet that is the result that would follow absent a stay if the Supreme Court determines the TCPA to be unconstitutional.

**Possible Harm from Granting a Stay**. Minimal harm will follow from granting a stay. Indeed, discovery in this case was stayed until very recently, and the current phase of discovery is focused solely on Plaintiff's individual claims. Moreover, there is no imminent trial date that is threatened by an additional brief stay of this action to allow the Supreme Court to rule.

## IV. Conclusion

Good cause exists to stay the proceedings, for reasons of judicial efficiency and fairness to the parties. Conn's therefore respectfully requests that this Court stay this case pending the Supreme Court's decision in *Barr v. AAPC*.

Dated: January 31, 2020

NAYLOR & BRASTER

By: */s/ Jennifer L. Braster*

Jennifer L. Braster (NBN 9982)
Andrew J. Sharples (NBN 12866)
1050 Indigo Drive, Suite 200
Las Vegas, Nevada 89145

Eric J. Troutman *(Pro Hac Vice)*
Squire Patton Boggs (US) LLP
555 So. Flower Street, Suite 3100
Los Angeles, CA 90071

Daniel L. Delnero (*Pro Hac Vice*)
Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309

Brian M. Gillett *(Pro Hac Vice)*
Squire Patton Boggs (US) LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201

*Attorneys for Defendants*
*CONN'S, INC. and CONN APPLIANCES, INC.*

DEFENDANTS' MOTION TO STAY PROCEEDINGS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this 31st day of January 2020, I caused the document **DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN** *BARR v. AM. ASS'N OF POLITICAL CONSULTANTS, INC.,* **CASE NO. 19-631** to be served through the Court's CM/ECF to all parties appearing in this case.

/s/ *Amy Reams*
An Employee of NAYLOR & BRASTER