MICHAEL R. DUFOUR (Nevada Bar 13480)
mrd@dufourlawfirm.com
**DUFOUR LAW, P.C.**
1810 EAST SAHARA AVE., SUITE 589
LAS VEGAS, NV 89104
TELEPHONE: (702) 483-8015
FAX: (702) 825-0913

W. CRAFT HUGHES (*Pro Hac Vice*)
craft@hughesellzey.com
JARRETT L. ELLZEY (*Pro Hac Vice*)
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
1105 Milford Street
Houston, TX 77006
Tel: (713) 322-6387
Fax: (888) 995-3335

*Attorneys for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FRANCINE EDWARDS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CONN'S, INC. and CONN APPLIANCES, INC.<br><br>*Defendants.* | Case No. 2:18-cv-01998-APG-PAL<br><br>**PLAINTIFF'S RESPONSE AND SUPPORTING POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' [124] MOTION TO STAY CASE PENDING OUTCOME OF APPELLATE CHALLENGE IN *BARR V. AM. ASS'N OF POLITICAL CONSULTANTS, INC.*** |

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF RESPONSE ................................1

II. FACTUAL BACKGROUND ..................................................................1

III. ARGUMENT & AUTHORITIES..............................................................3

    A. Conn's Fails to Satisfy its Burden to Establish a Need for a Stay.................................................................................................3

        1. Plaintiff Will Suffer Irreparable Harm If A Stay Is Granted .........................................................................................4

        2. Defendants Will Not Suffer Hardship If A Stay Is Denied ...........................................................................................6

        3. The Orderly Course of Justice Disfavors a Stay...............................7

    B. The Grant Of Certiorari In *Barr* Does Not Support A Stay Here......................................................................................................7

    C. Precedent Requires Severance Of The Government-Debt Collection Exception Even If It Is Unconstitutional.........................................................................................8

IV. CONCLUSION .......................................................................................11

**TABLE OF AUTHORITIES**

**Cases**                                                                                               **Page**

*Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686, 107 S. Ct. 1476, 94 L. Ed. 2d 661 (1987) ................................................................................ 10

*Am. Ass'n of Political Consultants v. FCC*, 923 F.3d 159 (4th Cir. 2019) ............................................................................................................. 9

*Anderson v. U.S.*, No. CR 112-041, 2017 WL 2350231, at *1 (S.D. Ga. May 30, 2017) ................................................................................................. 8

*Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342,1346 (S.D. Fla. 2018) ............................................................................................................... 7

*Cabiness v. Educ. Fin. Solutions, LLC*, 2017 WL 167678, at *3 (N.D. Cal. 2017) ................................................................................................ 4

*Carleton v. Cty. of Los Angeles*, No. CV 06-1655 DSF (SSX), 2008 WL 11338009, at *2 (C.D. Cal. Feb. 19, 2008) ........................................................ 8

*Clinton v. Jones*, 520 U.S. 681, 708 (1997) .................................................................... 3

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ......................................................... 3

*Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985) ............................................................ 3

*De Los Santos v. Millward Brown, Inc.,* No. 13-80670-CV, 2014 WL 2938605, at *4 (S.D. Fla. June 30, 2014) ................................................... 9

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ........................................................... 5

*Duguid v. Facebook, Inc*., 926 F.3d 1146 (9th Cir. 2019) ......................................... 9

*Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) .............................................. 4

*Ga. State Conf. of the NAACP v. Georgia*, 269 F. Supp. 3d 1266, 1283 (N.D. Ga. Aug. 25, 2017) ........................................................................... 8

*Gomez v. Campbell Ewald Co*., 768 F.3d 871 (9th Cir. 2014) ................................ 8

*Grigorian v. Tixe Realty Servs*., No. 19-81106-CIV, 2019 U.S. Dist. LEXIS 198963, at *3 (S.D. Fla. Nov. 18, 2019) ........................................... 9

*Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) ............................................... 7

**TABLE OF AUTHORITIES**
(continued)

**Page**

*In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) ............................................................ 7

*In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 818 (C.D. Cal. 2004) ............................................................................................................................ 8

*INS v. Chadha*, 462 U.S. 919, 931–32 (1983) ..................................................... 9, 11

*Knapper v. Cox Communications, Inc.*,
    2019 WL 250430, at *4 (D. Ariz Jan. 17, 2019) ........................................ 4

*Landis v. N. Am. Co.*,
    299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) .............................. 3

*Larson v. Harman Mgmt. Corp.*,
    2018 WL 6459964, at *4, (E.D. Cal. Dec. 10, 2018) ................................. 4

*Lathrop v. Uber Techs., Inc.*,
    2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ......................................... 4

*Leyva v. Certified Grocers of California, Ltd.*,
    593 F.2d 857, 864 (9th Cir. 1979) .............................................................. 5

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098, 1112 (9th Cir. 2005) .......................................................... 6

*Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 376-77 (4th Cir. 2013) .................................................................................................................. 9

*Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-00939-AJB-BLM, 2017 WL 4680168, at *6 (S.D. Cal. Oct. 18, 2017) ........................ 4

*Nicholson v. REI Energy, LLC*,
    2019 WL 993624, at *5 (D. Or. Feb. 28, 2019) ......................................... 4

*Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc.*,
    2017 WL 4536422, at *3 (N.D. Cal. Oct. 11, 2017) .................................. 4

*Pieterson v. Wells Fargo Bank*,
    2018 WL 3241069, at *5 (N.D. Cal. July 2, 2018) .................................... 4

*Regan v. Time, Inc.*, 468 U.S. 641, 653, 104 S. Ct. 3262, 82 L. Ed. 2d 487, (1984) ................................................................................................................ 9

*Reno v. ACLU*, 117 S. Ct. 2329, 2350 (1997) ........................................................ 10

*Singer v. Las Vegas Athletic Clubs*,
    2019 WL 1338384, at *6 (D. Nev. Mar. 25, 2019) .................................... 4

*Sliwa v. Bright House Networks, LLC*, No. 216CV235FTM29MRM, 2018 WL 1531913, at *6 (M.D. Fla. Mar. 29, 2018) ............................................... 9

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Strickler v. Bijora, Inc.*, No. 11 CV 3468, 2012 WL 5386089, at *6
  (N.D. Ill. Oct. 30, 2012) .................................................................................. 9

*U.S. v. Smith*, 752 F. App'x 867, 869 (11th Cir. 2018) ............................................. 8

*Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV,
  2019 WL 3409487, at *6 (S.D. Fla. Apr. 3, 2019) .......................................... 9

*Woods v. Santander Consumer USA Inc.*, No. 2:14-CV-02104-MHH,
  2017 WL 1178003, at *3, n.6 (N.D. Ala. Mar. 30, 2017) ............................ 10

*Wreyford v. Citizens for Transp. Mobility, Inc.*, 957 F.Supp.2d 1378,
  1380 (N.D. Ga. 2013) ..................................................................................... 8

**Statutes**

47 U.S.C. § 227(b) ..................................................................................................... 8

47 U.S.C. § 608 ....................................................................................................... 10

FRANCINE EDWARDS ("Plaintiff"), individually and on behalf of all other persons similarly situated, submits this response and supporting points and authorities in opposition to [124] defendants' motion to stay and would respectfully show the Court as follows:

## I. INTRODUCTION AND SUMMARY OF RESPONSE

Defendants—for the second time—seek an indefinite stay of this case. This time, Conn's has filed a motion to stay these proceedings pending the United States Supreme Court's decision in *William P. Barr v. American Association of Political Consultants Inc., et al.*, No. 19-631 ("*Barr*"), in which the Supreme Court granted certiorari to decide whether the government debt-collection exemption to the TCPA's automated call provisions violates the First Amendment and, if so, whether it should be severed from the rest of the statute. This provision of the TCPA is not at issue here, as the case does not relate to debt-collection calls on behalf of the government. The Court should deny Defendants' request for two primary reasons.

First, Defendants have failed to satisfy their burden to establish a need for the stay. Second, even if the government debt exception to the Telephone Consumer Protection Act is unconstitutional, the provision can be severed, and the remainder of the TCPA remains in full force and effect. As such, there is no reason to delay this matter pending the Supreme Court's anticipated ruling to that effect in *Barr*.

A stay is therefore unwarranted in these circumstances.

## II. FACTUAL BACKGROUND

Plaintiff filed her Original Complaint in this action on October 17, 2018. Since that time, Conn's has impeded the progression of this case at every turn. A brief summary of Conn's tortured history of using repeated motions to impede the timely resolution of Plaintiff's claims follows:

| DKT. NO. | DATE FILED | PLEADING/MOTION |
| --- | --- | --- |
| 1 | October 17, 2018 | Original Complaint |
| 14 | December 17, 2018 | Conn's 1st Extension of Time to Answer Complaint |

| | | |
|---|---|---|
| 24 | January 16, 2019 | Conn's 2nd Extension of Time to Answer Complaint |
| 28 | February 25, 2019 | Conn's 1st Motion to Dismiss for Failure to State a Claim |
| 29 | February 25, 2019 | Conn's 1st Motion to Dismiss for Lack of Personal Jurisdiction |
| 30 | February 25, 2019 | Conn's 1st Motion to Strike Failsafe Class Allegations |
| 31 | February 25, 2019 | Conn's Notice of Constitutional Challenge to TCPA |
| 38 | March 26, 2019 | Conn's 1st Motion to Stay |
| 56 | May 11, 2019 | Plaintiff's Motion for Leave to Amend Petition |
| 57 | May 24, 2019 | Conn's Extension of Time to Oppose Plaintiff's Leave to Amend |
| 61 | June 11, 2019 | Conn's Opposition to Plaintiff's Leave to Amend |
| 62 | June 11, 2019 | Conn's 1st Motion for Sanctions |
| 72 | July 17, 2019 | Conn's 2nd Motion for Sanctions |
| 83 | September 27, 2019 | Court's Order denying Conn's Motions to Dismiss, Motion to Strike, and Motion to Stay and Granting Plaintiff's Motion for Leave to Amend Complaint |
| 84 | October 11, 2019 | Conn's 2nd Motion to Dismiss for Failure to State a Claim |
| 85 | October 11, 2019 | Conn's 2nd Motion to Dismiss for Lack of Personal Jurisdiction |
| 86 | October 11, 2019 | Conn's 2nd Motion to Strike |
| 87 | October 11, 2019 | Plaintiff's First Amended Complaint |
| 90 | October 15, 2019 | Court's Order denying Conn's 2nd Motions to Dismiss and 2nd Motion to Strike |

| 91 | October 24, 2019 | Conn's Extension of Time to File Answer to Plaintiff's First Amended Complaint |
| 93 | November 8, 2019 | Conn's Motion to Dismiss Plaintiff's First Amended Complaint |
| 95 | November 8, 2019 | Conn's Motion to Strike Class Allegations |
| 124 | January 31, 2020 | Conn's 2nd Motion to Stay |

And so goes Conn's perpetual efforts to avoid any litigation resulting from its large-scale violations of the TCPA. The instant Motion to Stay is nothing more than Conn's latest attempt to delay these proceedings. This action has been on file for close to 16-months and Conn's has yet to file a responsive pleading. Conn's efforts to continue this campaign of delay should not be rewarded, and for the reasons set forth below, this Court should deny Conn's latest motion.

### III. ARGUMENT & AUTHORITIES

#### A. CONN'S FAILS TO SATISFY ITS BURDEN TO ESTABLISH A NEED FOR A STAY.

A district court has the power to stay proceedings to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The party moving for a stay bears a "heavy burden" to demonstrate that it is appropriate. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.* When deciding whether to issue a stay, the court must weigh competing interests including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis,* 299 U.S. at 255).

A number of district courts in this Circuit have recently considered whether to stay similar TCPA proceedings pursuant to their inherent authority, and nearly all of them have declined to do so. *See Singer v. Las Vegas Athletic Clubs,* No. 2:17-CV-01115-GMN-VCF, 2019 WL 1338384, at *6 (D. Nev. Mar. 25, 2019); *Nicholson v. REI Energy, LLC,* No. 3:18-cv-00203-HZ, 2019 WL 993624, at *5 (D. Or. Feb. 28, 2019); *Knapper v. Cox Communications, Inc.,* No. CV-17-00913-PHX-SPL, 2019 WL 250430, at *4 (D. Ariz Jan. 17, 2019); *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2018 WL 6459964, at *4, (E.D. Cal. Dec. 10, 2018); *Pieterson v. Wells Fargo Bank,* No.17-cv-02306-EDL, 2018 WL 3241069, at *5 (N.D. Cal. July 2, 2018); *Edwards v. Oportun, Inc.,* 193 F. Supp. 3d 1096, 1102-03 (N.D. Cal. 2016); *Lathrop v. Uber Techs., Inc.,* No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016); *Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc.*, No. 5:17-cv-03504-EJD, 2017 WL 4536422, at *3 (N.D. Cal. Oct. 11, 2017). Similarly, this Court should also decline to exercise its inherent authority to stay these proceedings pending the *Barr* appeal because there is a "fair possibility that [a] stay … will work damage" to Plaintiff. *Landis,* 299 U.S. at 255.

**1.     Plaintiff Will Suffer Irreparable Harm If A Stay Is Granted**

The first factor a court must weigh in deciding whether to grant a stay is the possible damage that may result if a stay were granted. In the present case, this factor favors moving forward in this litigation since Plaintiff will be significantly prejudiced by a delay with unknown limits. Memories fade, records get lost or destroyed as time wears on, and employees get fired, transferred, or quit. *See Cabiness v. Educ. Fin. Solutions, LLC*, 2017 WL 167678, at *3 (N.D. Cal. 2017) (The "passage of time will make it more difficult to reach the class members and will increase the likelihood that relevant evidence will dissipate."); *Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-00939-AJB-BLM, 2017 WL 4680168, at *6 (S.D. Cal. Oct. 18, 2017) ("the grant of a stay may cause Plaintiff to lose evidence currently in the dominion and control of others not joined in this suit.").

In the instant matter, there is no guarantee that the Supreme Court will issue an order in the *Barr* appeal anytime soon. There is also no indication that a stay in this case would be a

short one. Because Conn's cannot tell this Court with any degree of certainty when the Supreme Court will issue its opinion, a stay would be indefinite and prejudice Plaintiff's right to have her claims resolved, especially since this action has already been on file for sixteen months. Stays "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 864 (9th Cir. 1979); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.").

The risk of an indefinite stay would cause significant harm to Plaintiff in this action. And courts in this Circuit dealing with similar TCPA claims agree. *See Singer,* 2019 WL 1338384, at *6, (stay denied in TCPA action when defendant unable to show that the requested stay would be of limited duration); *Larson,* 2018 WL 6459964, at *4 (stay denied in TCPA action where possibility of indefinite stay would cause harm to Plaintiff); *Edwards,* 193 F. Supp. 3d at 1101 (concluding that there is a "fair possibility of harm" to plaintiff because of the indefinite length of the stay); *Lathrop,* 2016 WL 97511, at *4 (concluding that plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

There is no concrete indication as to the timing of the Supreme Court's decision in *Barr*. The length of the stay in this case would be indefinite at this point. As such, consideration of this factor weighs against the granting of a stay.

Assuming, for the sake of argument, that Conn's could show that its requested stay would be limited in duration, even a brief stay will likely result in the natural destruction of evidence that is critical to Plaintiff's ability to seek to certify a class. Conn's, its agents, and any third-party telephone carriers who currently maintain the call records that would identify the members of the putative class in this action generally do not maintain call records indefinitely. Many companies have certain protocols they follow with regard to the maintenance and preservation of call records in their possession. And unfortunately, this process may include the routine destruction and/or deletion of records that are vital to Plaintiff

in proving her allegations in this case. In an effort to secure this critical information, Plaintiff attempted early on to subpoena relevant call records from the manufacturers of the dialing systems associated with Conn's. (Dkts. 16-18).

However, Plaintiff has yet to receive anything other than objections. In fact, one of the manufacturers that Plaintiff subpoenaed refused to provide the requested documents until Conn's files a responsive pleading in this matter, something Conn's has delayed doing despite the fact that this action was filed last October. *See* Dkt. 46-1, Non-Party Genesys' objection to subpoena. At this point, Plaintiff fears that call data may already be unavailable and even a brief stay might lead to the loss of additional records. It seems evident to Plaintiff that Conn's seeks this stay simply for the purpose of avoiding discovery. Because of the distinct possibility that a stay in this matter will harm Plaintiff's case, Conn's Motion to Stay must be denied.

**2.  Defendants Will Not Suffer Hardship If A Stay Is Denied**

The second factor this Court must consider in determining if a stay is appropriate is whether Conn's has made out "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254–55. Against this backdrop, the onus is on Conn's to show why circumstances justify an unusual exercise of discretion to bring litigation to a standstill. *See id.* Here the only supposed hardship Conn's seems to articulate is that it will be forced to continue defending the lawsuit. Conn's argues that proceeding "would be inefficient, waste the resources of the Court and the parties, and potentially result in an inconsistent ruling . . . ." Conn's also argues that proceeding would "impose a hardship on Conn's to require it to engage in discovery and motion practice . . . ." (Dkt. 124 5: 6-10). Such assertions ring particularly hollow in light of the fact that Conn's has already participated in extensive motion practice (filing thirteen motions).

Despite Conn's assertions to the contrary, where defendants have not identified any specific harm beyond the cost of litigation, it has been held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). And courts in this Circuit have held the same—the cost of litigation alone is insufficient to establish a clear case

of hardship or inequity for purposes of a stay. *Singer,* 2019 WL 1338384, at *5; *Nicholson*, 2019 WL 993624, at *5; *Knapper*, 2019 WL 250430, at *4; *Larson*, 2018 WL 6459964, at *5; *Pieterson*, 2018 WL 3241069, at *5; *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017). Conn's has not and cannot establish a clear case of hardship or inequity in this matter simply by being required to defend the suit. Plaintiff realizes significant resources are expended by all parties in the context of class action litigation, but litigation expenses alone are insufficient to establish irreparable harm. Accordingly, consideration of this factor also weighs against the imposition of a stay.

### 3. The Orderly Course of Justice Disfavors a Stay

The final factor this Court must consider in determining to grant a stay is whether the stay would serve the orderly course of justice. Conn's argument that a delay will inform the merits of the Parties' respective claims and defenses is speculative and misconstrues the applicable standards. As discussed below, it is highly unlikely that whatever decision the Supreme Court makes will impact this case since it does not involve debt-collection calls on behalf of the government. Moreover, even if it did—which it does not—a litigant is not entitled to a stay in order to shape the law to its advantage in an unrelated case—with no definite resolution date. *Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside" to await a ruling in another action."); *see also Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342,1346 (S.D. Fla. 2018) ("the interest of judicial economy in having one less active case on the undersigned's docket is insufficient reason to enter a stay and delay litigation"). A stay will not serve the orderly course of justice in this matter. As such, this final factor also weighs against the imposition of a stay in this action.

### B. THE GRANT OF CERTIORARI IN *BARR* DOES NOT SUPPORT A STAY HERE

"[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016). Courts have repeatedly held that the Supreme Court's grant of certiorari to consider a legal question does not indicate that a change in the law is forthcoming and therefore does not merit a stay of litigation in actions in which that question may arise. *E.g., U.S. v. Smith*, 752 F. App'x 867,

869 (11th Cir. 2018) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent[.]"); *Carleton v. Cty. of Los Angeles*, No. CV 06-1655 DSF (SSX), 2008 WL 11338009, at *2 (C.D. Cal. Feb. 19, 2008) ("The Supreme Court's grant of certiorari in *Engquist* does not alter the existing law." . . . "That Plaintiff hopes that the Supreme Court will reverse the Ninth Circuit is not sufficient reason to delay proceedings in this matter."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 818 (C.D. Cal. 2004) ("Waiting until an undetermined date in the summer ... for the possibility of a Supreme Court ruling does not outweigh both the Plaintiff and the Court's interest in judicial economy."); *Ga. State Conf. of the NAACP v. Georgia*, 269 F. Supp. 3d 1266, 1283 (N.D. Ga. Aug. 25, 2017) ("The Supreme Court... could rule in a variety of ways on the issues before it ..., including not ruling on them at all. ... If the Supreme Court's ruling ... impacts any ruling in this case, that ruling can be adjusted accordingly."); *Anderson v. U.S.*, No. CR 112-041, 2017 WL 2350231, at *1 (S.D. Ga. May 30, 2017) (denying motion to stay pending decision after grant of certiorari).

Therefore, notwithstanding the grant of certiorari in *Barr*, unless and until the Supreme Court issues a decision that actually changes the law, the Court is duty-bound to apply existing precedent if required to evaluate the constitutionality of the TCPA based on the government debt collection exception. A stay pending the Supreme Court's decision in *Barr* is therefore not warranted, and the Court should deny Conn's Motion to Stay.

### C. PRECEDENT REQUIRES SEVERANCE OF THE GOVERNMENT-DEBT COLLECTION EXCEPTION EVEN IF IT IS UNCONSTITUTIONAL

The TCPA amended the Communications Act of 1934 to place "restrictions on the use of automated telephone equipment." 47 U.S.C. § 227(b). The provision broadly limits "any person" from using an automatic telephone dialing system or an artificial or prerecorded voice "to make any call" to a cellular telephone line. 47 U.S.C. § 227(b)(1). The restrictions congress enacted in 1991 are content-neutral time, place, or manner restrictions, which courts universally upheld on first amendment challenge. *See Gomez v. Campbell Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), affirmed on other grounds, 136 S. Ct. 663 (Jan. 20, 2016); *Wreyford v. Citizens for Transp. Mobility, Inc.*, 957 F.Supp.2d 1378, 1380 (N.D. Ga. 2013); *De Los Santos v. Millward Brown, Inc.,* No. 13-80670-

CV, 2014 WL 2938605, at *4 (S.D. Fla. June 30, 2014); *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 376-77 (4th Cir. 2013); *Strickler v. Bijora, Inc.,* No. 11 CV 3468, 2012 WL 5386089, at *6 (N.D. Ill. Oct. 30, 2012).

In 2015, Congress amended the TCPA to create an exception to liability for calls placed to collect a debt owed to the United States. That exception to liability, of course, has nothing to do with this case. However, Conn's argues that this recently added government debt-collection exception is content-based and therefore renders the entire TCPA unconstitutional. But courts have universally responded to that argument by severing that unconstitutional 2015 amendment and leaving the core provision from 1991 intact. *E.g., Am. Ass'n of Political Consultants v. FCC*, 923 F.3d 159 (4th Cir. 2019); *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019); *Sliwa v. Bright House Networks, LLC*, No. 216CV235FTM29MRM, 2018 WL 1531913, at *6 (M.D. Fla. Mar. 29, 2018), motion to certify appeal denied, No. 216CV235FTM29MRM, 2018 WL 2296779 (M.D. Fla. May 21, 2018) ("there are no substantial grounds for a difference of opinion regarding severability of the Government-Debt Exception if it does indeed violate the First Amendment"); *Grigorian v. Tixe Realty Servs.*, No. 19-81106-CIV, 2019 U.S. Dist. LEXIS 198963, at *3 (S.D. Fla. Nov. 18, 2019) ("the TCPA is a valid content-neutral restriction that does not violate the first amendment, or alternatively, ... any first amendment problem is remedied by severing the government-debt-collection provision"); *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 WL 3409487, at *6 (S.D. Fla. Apr. 3, 2019) ("[I]f the amended TCPA were deemed unconstitutional, a finding of severability would cure the constitutional defect and preclude invalidation of the entire statute. Because Plaintiff's cause of action does not implicate the 2015 amendments, the claim survives whether the amendments are stricken or not.").

As the Supreme Court has instructed, "invalid portions of a statute are to be severed unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not." *INS v. Chadha*, 462 U.S. 919, 931–32 (1983). Ultimately, then, the question of severability is a test of legislative intent. *See Regan v. Time, Inc*., 468 U.S. 641, 653, 104 S. Ct. 3262, 82 L. Ed. 2d 487, (1984) (noting "[w]hether an unconstitutional provision is severable from the remainder of the statute . . . is largely a question of legislative intent, but the

presumption is in favor of severability."); *Duguid*, 926 F.3d at 1156 (stating "[c]ongressional intent is the touchstone of severability analysis."). When a statue includes a severability clause, there is a "presumption that Congress did not intend the validity of the statute in question to depend on the validity of the constitutionally offensive provision." *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686, 107 S. Ct. 1476, 94 L. Ed. 2d 661 (1987).

In this case, the government debt exemption is plainly severable under this precedent. First, it is evident that Congress would have enacted the Robocall Provision without the government debt exemption because Congress in fact did enact the Robocall Provision without any such exemption more than twenty years ago. This fact alone renders the exemption severable, as every court addressing this issue has already held. *See Woods v. Santander Consumer USA Inc.,* No. 2:14-CV-02104-MHH, 2017 WL 1178003, at *3, n.6 (N.D. Ala. Mar. 30, 2017) ("Here, there is no evidence that Congress would not have enacted the TCPA without the exception for government debt. To the contrary, Congress did enact the TCPA without the exception for government debt, and the version of the TCPA without the exception has been upheld as a valid time, place, or manner restriction by several courts throughout the country.")

Second, it is further evident that Congress intends for the Robocall Provision to be enforced even without the government debt exemption because Congress enacted a severability clause *expressly requiring that result*. The Communications Act, codified as Title 47, Chapter 5 of the U.S. Code, provides as follows:

> If any provision of this chapter or the application thereof to any person or circumstance is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby.

47 U.S.C. § 608 (referring to Chapter 5, of which the TCPA is a part). The Supreme Court has already enforced § 608's severability provision to save another statute with an unconstitutional clause codified in Chapter 5 of Title 47. *See Reno v. ACLU*, 117 S. Ct. 2329, 2350 (1997) (considering the constitutionality of 47 U.S.C. § 223 and holding that "we will follow § 608's guidance by leaving constitutional textual elements of the statute intact in the one place where they are, in fact, severable.") Given that the TCPA, 47 U.S.C. § 227, is codified in the exact same location

as the statute at issue in *Reno* (Title 47, Chapter 5, Subchapter II, Part I (Common Carrier Regulation)), § 608 applies with equal force to the TCPA section at issue in this case - § 227(b)(1)(A)(iii).

The existence of a severability clause "gives rise to a presumption that Congress did not intend the validity of the Act as a whole, or of any part of the Act, to depend upon whether the [clause in question] was invalid." *Chada*, 462 U.S. at 932. Thus, a stay pending the Supreme Court's anticipated ruling to the same effect in *Barr* is therefore unwarranted.

## IV.    CONCLUSION

It is quite clear, based on the above, that consideration of all the relevant factors weighs heavily against the imposition of a stay in this case. Conn's underlying motive in filing this second Motion to Stay is also clear – it does not want to litigate while the law does not favor its defenses. Instead, Conn's asks that Plaintiff, and an entire class of consumers, who allege Conn's invaded their privacy, to sit idle until an appeal might render a decision in Conn's benefit. Granting Conn's Motion would indefinitely delay this case and deny Plaintiff and class members their day in Court. Meanwhile, Conn's would continue its unlawful calling practices unabated. This manifestly prejudices Plaintiff and class members. An indefinite delay of this magnitude should not be considered, and Plaintiff respectfully requests that the Court deny Conn's Motion to Stay.

Dated:  February 14, 2020.                                  Respectfully Submitted,


                                             */s/ W. Craft Hughes*
W. Craft Hughes*
craft@hughesellzey.com
HUGHES ELLZEY, LLP
1105 Milford Street
Houston, TX 77006
Tel: (713) 322-6387
Fax: (888) 995-3335

11     Case No. 2:18-cv-01998-APG-PAL
PLAINTIFF'S RESPONSE IN OPPOSITION TO [124] MOTION TO STAY

| | |
|---|---|
| 1 | Michael R. Dufour |
| 2 | Nevada Bar No.:13480 |
|   | mrd@dufourlawfirm.com |
| 3 | DUFOUR LAW, P.C. |
|   | 1810 East Sahara Ave., Suite 589 |
| 4 | Las Vegas, NV 89104 |
|   | Tel: (702) 483-8015 |
| 5 | Fax: (702) 825-0913 |
| 6 | *Pro Hac Vice* |
| 7 | ATTORNEYS FOR PLAINTIFF |
| 8 | AND THE PUTATIVE CLASS |

# CERTIFICATE OF SERVICE

I certify that on February 14, 2020, a copy of the foregoing document was filed in accordance with the protocols for e-filing in this district, and will be served pursuant to Rule 5 of the Federal Rules of Civil Procedure on all counsel of record who have consented to electronic notification:

***Via CM/ECF***
Eric J. Troutman*
eric.troutman@squirepb.com
Squire Patton Boggs (US) LLP
555 So. Flower St., Ste. 3
Los Angeles, CA 90071
213-624-2500
Fax: 213-623-4581

***Via CM/ECF***
Jennifer L Braster
jbraster@naylorandbrasterlaw.com
Naylor & Braster
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
702-420-7000
Fax: 702-420-7001

*Attorneys for Defendants,*
*Conn's Inc. and Conn Appliances, Inc.*

                                                 */s/ W. Craft Hughes*
                                                 W. Craft Hughes