UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCINE EDWARDS, | Case No.: 2:18-cv-01998-APG-BNW |
| Plaintiff | **Order Denying Motions to Dismiss, to Compel Arbitration, and to Strike Class Allegations** |
| v. | |
| CONN'S, INC. and CONN APPLIANCES, INC., | [ECF Nos. 93, 94, 95] |
| Defendants | |

Plaintiff Francine Edwards brings a putative class action against Conn's, Inc. and Conn Appliances, Inc. (collectively, Conn Appliances) for alleged violations of the Telephone Consumer Protection Act (TCPA). I granted Edwards leave to amend her complaint. ECF No. 83. Conn Appliances now moves to dismiss Edwards' amended complaint, to compel arbitration, or alternatively, to strike Edwards' proposed class definitions as improper and overly broad. ECF Nos. 93; 94; 95. The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motion. I deny Conn Appliances' motions.

**I. ANALYSIS**

*A. Motion to Dismiss*

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

To state a claim under the TCPA, Edwards must allege that "(1) [Conn Appliances] called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without [Edwards'] prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).

Edwards alleges that Conn Appliances began calling her without her consent using an automatic telephone dialing system (ATDS) or prerecorded phone calls to collect payment on a laptop she purchased from AcceptanceNOW under a lease-purchase agreement. ECF No. 87 at 12-13. She alleges Conn Appliances continued to call her after she expressly told it or its agents to stop calling for any purpose. *Id.* at 12-13. Edwards also alleges that after registering her cell phone with the National Do-Not-Call Registry (DNC), she received more than one phone call about Conn Appliances' products or services. *Id.* at 23.

Conn Appliances argues that Edwards fails to specify which entity called her and it is implausible that Conn Appliances called her to collect a debt owed to AcceptanceNOW. ECF No. 93 at 9-10. It argues that Edwards pleaded only legal conclusions and provides no details about the alleged solicitation calls or how many calls she received. *Id.* at 7. And Conn Appliances argues that Edwards' allegations necessarily imply that they had an established business relationship. *Id.* at 8. Edwards responds that I already conducted an analysis under Federal Rule of Civil Procedure 12(b)(6) in my prior order and concluded that she plausibly alleged two TCPA violations and that Conn Appliances had not met its burden of proving a prior established business relationship. ECF No. 101 at 3-7.

I previously conducted a Rule 12(b)(6) analysis in determining the futility of allowing Edwards to amend her complaint. ECF No. 83 at 5-7.  Edwards has plausibly alleged two TCPA violations and she need not assert more facts at the pleading stage.  Further, it is not obvious from the face of the amended complaint that Conn Appliances and Edwards had an established business relationship.  Edwards alleges that she purchased her laptop from AcceptanceNOW, not from Conn Appliances.  Accordingly, I deny the defendants' motion to dismiss.

*B. Motion to Compel Arbitration*

Conn Appliances argues that the only plausible inferences from Edwards' allegations are that either AcceptanceNOW called her or Conn Appliances called her on AcceptanceNOW's behalf.  Therefore, principles of agency require that Edwards must arbitrate her dispute under her arbitration agreement with AcceptanceNOW. ECF No. 93 at 10-13.  Edwards responds that Conn Appliances lacks standing to enforce the arbitration agreement because it is not a signatory to the arbitration agreement and fails to provide evidence that it was acting as AcceptanceNOW's agent. ECF No. 101 at 10-13.

"As a general rule, a non-party to an arbitration agreement is not bound by the arbitration agreement, and does not have the right to enforce an arbitration agreement." *Simms v. Navient Sols., Inc.*, 157 F. Supp. 3d 870, 877 (D. Nev. 2016) (citing *Equal Employment Opportunity Comm'n, Inc. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)).  However, "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986); *see also Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.10 (9th Cir. 2006) (finding "contract and agency principles continue to bind nonsignatories to arbitration agreements").  If Conn Appliances is

"neither a party to nor agent for nor beneficiary of the contract," it lacks standing to compel arbitration. *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993).

Under Nevada law, an "agency relationship is formed when one person has the right to control the performance of another." *Viega GmbH v. Eighth Jud. Dist. Ct.*, 328 P.3d 1152, 1158 (Nev. 2014). "The party asserting the agency relationship has the burden of proving the relationship by a preponderance of the evidence." *Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 902 (Nev. 2008).

Here, Conn Appliances relies on Edwards' allegations to support its argument that it was acting as AcceptanceNOW's agent when it allegedly called Edwards about her delinquent laptop payments. Edwards' amended complaint alleges that Conn Appliances and AcceptanceNOW have a business relationship but are not affiliated with each other. *See* ECF No. 87 at 15-16. The amended complaint does not allege an agency relationship and Conn Appliances has presented no other evidence that it was acting as AcceptanceNOW's agent. Accordingly, Conn Appliances has not met its burden of proving the agency relationship. *Simms*, 157 F. Supp. 3d at 878 (denying motion to compel arbitration where defendant failed to present evidence of a contract or agreement establishing agency relationship or authority). I therefore deny Conn Appliances' motion to compel arbitration.

*C. Motion to Strike Class Allegations*

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds*,

510 U.S. 517 (1994). I may strike class allegations at the pleading stage. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975). But "motions to strike are generally disfavored because a motion for class certification is considered to be a more appropriate vehicle for arguments pertaining to the class allegations." *John v. Mazo*, No. 2:16-cv-00239-APG-PAL, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016).

      Conn Appliances argues that Edwards' proposed class definitions merely recite the elements of the TCPA rather than being defined according to objective criteria. ECF No. 95 at 7-8. It contends the definitions are improper fail-safes because membership in each class turns on the merits of the claims.[1] *Id.* at 8-9. It also argues the proposed classes require individualized inquiries concerning each potential class member's consent or established business relationship. *Id.* at 9. And it asserts the definitions are overly broad because (1) Edwards' DNC Class does not specify the calls were from Conn Appliances; (2) the Indirect-Purchaser Class requires a case-specific inquiry into whether a caller is Conn Appliances' agent; (3) the DNC Class improperly includes individuals without a valid claim because they received calls in response to an inquiry within three months as allowed by the TCPA; and (4) the DNC Class includes all persons, without restricting the class to natural persons or calls made to a residential number. *Id.* at 10-12.

      Edwards responds that membership in the classes can be ascertained from Conn Appliances' business records during discovery and do not require a final liability finding. ECF No. 98 at 4-5. And she argues that it is premature to rule on class definitions, she has not filed a

---

[1] "The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010).

motion for class certification, and if I find an error, she should be allowed to amend her proposed class definitions rather than have them stricken.

Edwards propose two classes:

> **DNC Class:** All persons in the U.S. who, from October 17, 2014 to present, received more than one phone solicitation call in a 12-month period on their cellular phone about Defendants' products or services, more than 31 days after registering their cellular phone number with the National DNC and who did not have a prior established business relationship with Defendants and did not provide Defendants prior express written consent to receive such calls.
>
> **Indirect-Purchaser Class**: All persons in the U.S. who, from October 17, 2014 to present, purchased or leased products from AcceptanceNOW and subsequently received an ATDS call on their cell phone from Defendants and/or Defendants' Agents, when Defendants' records show no consent was obtained to call the cell phone.

ECF No. 87 at 3. For many of the reasons expressed in *Rennick v. NPAS Sols. Inc.*, I deny Conn Appliances' motion to strike because it is premature and more appropriately decided on a motion for class certification. No.19-cv-02495-ODW(KSx), 2020 WL 244170 (C.D. Cal. Jan. 16, 2020). In *Rennick*, the court was asked to strike a proposed class similar to Edwards' Indirect-Purchaser Class. *Id.* at *1. After reviewing cases that have reached differing results, the court held that "it is premature to say whether the matter should proceed as a class action." *Id.* at *2-3. Similarly here, I find that Conn Appliances arguments regarding whether the proposed classes are improper fail-safes or overly broad are premature and more appropriately decided after Edwards moves for class certification.

Further, I have previously held that "consent is more appropriately addressed under Rule 23(b)(3)'s predominance inquiry." *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014). While the proposed class in *Kristensen* did not

expressly include the non-consent requirement, the rationale still applies. *See also Blair v. CBE Group, Inc.*, 309 F.R.D. 612, 629 (S.D. Cal. 2015) (where proposed classes included non-consent requirement and the court noted that "courts should not simply accept a party's argument that consent requires individualized inquiries without evidence demonstrating consent is, in fact, an individualized issue"). Because the parties have not completed discovery, no evidence has been presented on prior express consent or an established business relationship, so I "afford greater weight to [Edwards'] theory of class-wide proof of lack-of-consent [or established business relationship] when that theory is entirely unrebutted" at this stage of the proceedings. *Kristensen*, 12 F. Supp. 3d at 1307. Accordingly, I deny Conn Appliances motion to strike Edwards' class allegations.

## II. CONCLUSION

I THEREFORE ORDER that defendants Conn's, Inc. and Conn Appliances, Inc.'s motions to dismiss, to compel arbitration, and to strike proposed class allegations **(ECF Nos. 93, 94, 95) are DENIED.**

DATED this 16th day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE