# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Francine Edwards,<br>　　　　　　　Plaintiff,<br>v.<br>Conn Appliances, Inc., et al.,<br>　　　　　　　Defendants. | Case No. 2:18-cv-01998-APG-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

　　　　Presently before the Court is Plaintiff Francine Edwards's Motion for Leave to File Second Amended Class Action Complaint. ECF No. 133. Defendants responded (ECF No. 135) on August 13, 2020, and Plaintiff replied (ECF No. 138) on August 24, 2020.

## I. BACKGROUND

　　　　Plaintiff brings this putative class action and alleges that Defendants' debt collection practices violated the Telephone Consumer Protection Act. ECF No. 87 at 3; 47 U.S.C. §227. Plaintiff filed her first amended complaint on October 11, 2019. ECF No. 87. The Court subsequently entered a discovery plan and scheduling order, which set the deadline to amend pleadings as March 31, 2020. ECF No. 122 at 2. Plaintiff sat for her deposition on June 12, 2020. ECF No. 133-12. Plaintiff then filed the instant motion to amend her complaint on July 30, 2020. ECF No. 133.

## II. DISCUSSION

### A. Plaintiff's Motion

　　　　Plaintiff's motion to amend seeks to add a claim under the Nevada Deceptive Trade Practices Act ("NDTPA") and to withdraw Count II of Plaintiff's amended complaint. ECF No. 133. Plaintiff argues that the Court should freely grant leave to amend when justice requires under Federal Rule of Civil Procedure 15(a). *Id*. Plaintiff argues that amendment would not cause undue

burden because the NDTPA claim "is based on the same factual allegations included in Plaintiff's Original Petition." *Id*. However, Plaintiff argues that the Court should permit a second amended complaint because the amendments "stem from detailed information Plaintiff provided during her recent deposition and were facts previously unknown to the parties." *Id*. at 3.

### B. Defendants' Opposition

Defendants argue that the Court should deny Plaintiff's motion to the extent it seeks to add an NDTPA claim. ECF No. 135. Defendants do not oppose Plaintiff withdrawing Count II. *Id.* at 3.

Defendants argue that Plaintiff failed to address the good cause standard under Rule 16(b)(4). *Id.* at 8. Defendants further argue that Rule 16(b)(4) applies because Plaintiff did not timely file her motion pursuant to the scheduling order. *Id*. Defendant cites *Parapluie, Inc. v. Mills* in support of its argument that Plaintiff's failure to address good cause is sufficient to deny her motion. *Id*; *see* 555 F. App'x 679, 683 (9th Cir. 2014).

Defendants also argue that good cause does not exist because Plaintiff states that the proposed amendment is "based solely on the same facts and conduct previously alleged." ECF No. 135 at 9; ECF No. 133 at 2. Defendants also argue that it is logically impossible that the information was previously unknown to the parties because, based on Plaintiff's own admissions, the information arose from Plaintiff's own testimony. ECF No. 135 at 9. Defendants conclude that this demonstrates a lack of diligence; Plaintiff could have asserted the additional claims earlier. *Id*.

### C. Plaintiff's Reply

Plaintiff argues that she established good cause to amend her complaint under Rule 16(b)(4). ECF No. 138 at 2-4. Plaintiff alleges that she discovered evidence supporting her proposed NDTPA claim during her June 12, 2020 deposition (but does not further explain how she discovered the information during her deposition). *Id*. at 3. Plaintiff argues that she did not intentionally delay adding new claims. *Id*. Instead, Plaintiff suggests that Defendants' conduct, including bringing motions for sanctions against Plaintiff, caused Plaintiff to delay in filing her motion to amend. *Id*. at 3. Plaintiff writes that to avoid being accused of sanctionable conduct,

"Plaintiff proceeded to amend her complaint only after her testimony was discovered by Conns in her deposition, which occurred on June 12, 2020." *Id.*

### D. Legal Standard

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

### E. Good Cause Under Rule 16(b)(4)

Here, the Court applies Rule 16(b)(4) to Plaintiff's request to add an NDTPA claim, because Plaintiff filed her motion on July 30, 2020, nearly four months after the deadline to amend pleadings on March 31, 2020.

1    As an initial matter, the Court is troubled by Plaintiff's failure to raise and address Rule 16(b)(4) in its opening brief, given the Ninth Circuit law on this point. *See* ECF No. 133. However, in the interest of resolving the parties' dispute on the merits, the Court considered Plaintiff's arguments in its opening and reply briefs. ECF Nos. 133, 138.

The Court finds that Plaintiff has not established good cause to add an NDTPA claim under Rule 16(b)(4). Plaintiff's proposed NDTPA claim is based on allegations that Defendants or Defendants' agents came to Plaintiff's home to collect an outstanding debt in December 2016 through February 2017. ECF No. 133-1 at 13, 24. Therefore, Plaintiff knew about the facts underlying her NDTPA claim before the deadline to amend passed on March 31, 2020. *See id*. Plaintiff admits as much in her motion, noting that her NDTPA claim is "based solely on the same facts and conduct previously alleged." ECF No. 133 at 2. While Plaintiff argues that these facts were previously unknown to the parties, Plaintiff does explain how this is so. Nor does Plaintiff explain how she "discovered" new facts during her own deposition. Accordingly, the Court does not find that Plaintiff was diligent in seeking to add an NDTPA claim to her complaint or that good cause to amend this claim exists. *See Mammoth Recreations*, 975 F.2d at 609-10.

Further, even if Plaintiff did not know about the facts supporting her NDTPA claim until her deposition on June 12, 2020, as she asserts, there would still not be good cause to amend. *See* ECF No. 133 at 2. This is so because Plaintiff fails to explain why she waited approximately seven weeks after her deposition to file her second motion to amend on July 30, 2020. *See* ECF No. 133. While COVID-19 may have caused delays in discovery, this does not explain Plaintiff's delay in filing her motion to amend after her deposition. *See* ECF No. 138 at 3. The Court also finds that this shows a lack of diligence and good cause. *See e.g.*, *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14CV1034-GPC JMA, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (plaintiff was not diligent filing motion to amend seven weeks after learning facts in a deposition).

Accordingly, the Court recommends that Plaintiff's motion to amend be denied to the extent she seeks to add a NDTPA claim. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (if the movant was not diligent, the inquiry ends); *Mammoth Recreations*, 975 F.2d at 609 (same).

The Court will, however, grant Plaintiff's motion to amend to the extent she seeks to withdraw her claim under 47 U.S.C. § 227(c)(5) (Count II of Plaintiff's First Amended Class Action Complaint), as Defendants do not oppose this request.

### III. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 133) be GRANTED in part. It is granted to the extent that Plaintiff seeks to withdraw her claim under 47 U.S.C. § 227(c)(5) (Count II of Plaintiff's First Amended Class Action Complaint).

IT IS RECOMMENDED that Plaintiff's motion to amend (ECF No. 133) be DENIED in all other respects.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 30, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE